**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION**

|  |  |
|---|---|
| **MARJORIE SORRELL, individually and on behalf of all others similarly situated,** )))))  | |
| *Plaintiff*, )) | |
| **v.** )) | |
| **COMENITY LLC; COMENITY BANK; COMENITY CAPITAL BANK; LENDING CLUB CORPORATION; LENDING CLUB PATIENT SOLUTIONS; and SPRINGSTONE FINANCIAL, LLC** )))))))  | **CIVIL ACTION NO:** 3:16-CV-34-CDL |
| *Defendants*. )))  | |

## CLASS ACTION COMPLAINT

Plaintiff, by her attorneys, brings this action on behalf of herself and all others similarly situated against Comenity LLC, Comenity Bank, Comenity Capital Bank, and Comenity Servicing, LLC (referred to collectively as "Comenity" unless specifically identified); Lending Club Corporation, Lending Club Patient Solutions, and Springstone Financial (referred to collectively as "Lending Club" unless specifically identified ). Plaintiff alleges the following on information and belief, except as to those allegations which pertain to the named Plaintiff:

### NATURE OF THE ACTION

1.      Plaintiff brings this action to remedy the negligent, knowing, willful, malicious, and illegal actions of Defendants. She seeks relief under the Telephone Consumer Protection Act, 47 U.S.C. section 227, *et seq*.

2.      Plaintiff's privacy has been invaded because of the actions of Comenity and Lending Club, and potentially other entities working in concert with them, and these invasions of Plaintiff's privacy are particularly egregious because, among other reasons, less than two years ago Comenity settled a nationwide class action under similar facts and allegations. *See* Doc. 52-3, *Couser v. Comenity Bank, et al.*, Case No. 3:12-cv-02484 MMA-BGS (filed on Sept. 5, 2014).

## THE PARTIES

3.      Plaintiff Marjorie Sorrell is a natural person, is over the age of nineteen years of age, and is a resident of this district and division.

4.      Defendant Comenity LLC was formerly known as Alliance Data Retail Services, LLC. Comenity LLC operates as a subsidiary of Alliance Data Systems Corporation. It is headquartered in Ohio.

5.      Defendant Comenity Bank of Wilmington, Delaware, was formerly known as World Financial Network National Bank.

6.      Defendant Comenity Capital Bank, Salt Lake City, Utah, was formerly known as World Financial Capital Bank.

7.      Together, the Defendants described in paragraphs 4-6, or some combination of them, service the loan account obtained by Plaintiff's father from Lending Club Patient Solutions. According to SEC filings of Lending Club, it entered into an agreement in 2009 with Comenity Bank to perform servicing functions.

8.      Defendant Lending Club Corporation is a Delaware corporation that is principally located in San Francisco, California. According to its website, the mission of Lending Club "is to transform the banking industry to make credit more affordable and investing more rewarding. The company's technology platform enables it to deliver innovative solutions to borrowers and

investors. Since launching in 2007, the platform has facilitated roughly $9.3 billion in loans, including over $1.6 billion in the first quarter of 2015."

9.     Defendant Lending Club Patient Solutions is the entity which signed communications to Plaintiff's father, but on information and belief is not an independent business entity and is, rather, a trade name for Comenity.

10.     Defendant Springstone Financial, LLC is a wholly-owned subsidiary company of Lending Club Corp. that facilitates education and patient finance loans. According to an SEC filing of Lending Club, "Springstone Financial, LLC (Springstone), which we acquired in April 2014, relies on NBT Bank and Comenity Bank as issuing banks for its education and patient finance loans."

## JURISDICTION AND VENUE

11.     This Court has jurisdiction over the present matter because it concerns a question of Federal law. 28 U.S.C. § 1331; *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. __, 132 S. Ct. 740, 750 (2012).

12.     This Court also has jurisdiction over the present matter because it is a class action and the class representative is from a different state than the Defendants. 28 U.S.C. § 1332(d).

13.     Plaintiff seeks $500 in statutory damages and, alternatively, $1,500.00 in trebled damages for each call in violation of the TCPA. Because the proposed nationwide class could include thousands (or tens of thousands) of members, the value of the relief sought in this case exceeds the $5,000,000.00 amount-in-controversy requirement, exclusive of interest and costs.

14.     Venue is proper in this district because the Plaintiff resides here, the Defendants do business here, and a substantial part of the events or omissions giving rise to this case occurred here. 18 U.S.C. § 1391(b), (c).

15.     Venue is proper in the Athens Division because Plaintiff resides here and the claim arose here. M.D. Ga. Local R. 3.4.

## STATUTORY AND REGULATORY FRAMEWORK

16.     Congress passed the Telephone Consumer Protection Act (TCPA) to remedy invasions of consumer privacy and prohibit practices that posed a risk to public safety. *See* 47 U.S.C. § 227; *1992 TCPA Order,* 7 FCC Rcd at 8753, para. 2.

17.     The TCPA is codified at section 227 of the Communications Act of 1934, as amended. *See* 47 U.S.C. § 227.

18.     Among the practices prohibited under the TCPA, as stated by the FCC in a recent Declaratory Ruling and Order implementing its regulations under the TCPA, are the following:

> The TCPA and the Commission's implementing rules prohibit: (1) making telemarketing calls using an artificial or prerecorded voice to *residential* telephones without prior express consent, and (2) making any non-emergency call using an automatic telephone dialing system ("autodialer") or an artificial or prerecorded voice to a *wireless* telephone number without prior express consent.

FCC Decl. Ruling & Order, FCC 15-72, at 7 (July 10, 2015); *see also* 47 U.S.C. § 227(b).

19.     The TCPA defines "automatic telephone dialing system" or autodialer, known sometimes as an ATDS, as "***equipment which has the capacity***—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." *Id.* § 227(a)(1) (emphasis added).

20.     If a party wishes to use an autodialer or an ATDS to reach a person on a wireless telephone or cell phone, then the dialing party must obtain written consent from the party to be called. 47 U.S.C § 227(b)(1)(A); 47 C.F.R. § 64.1200(a)(1).

21.     In its 2015 Order, the FCC reaffirmed the broad interpretation assigned to autodialers it has consistently adopted and applied:

. . . dialing equipment generally has the capacity to store or produce, and dial random or sequential numbers (and thus meets the TCPA's definition of "autodialer") **even if it is not presently used for that purpose**, including when the caller is calling a set list of consumers. We also reiterate that predictive dialers, as previously described by the Commission satisfy the TCPA's definition of "autodialer" for the same reason. We also find that callers cannot avoid obtaining consent by dividing ownership of pieces of dialing equipment that work in concert among multiple entities.

FCC Decl. Ruling & Order, FCC 15-72, at 11-12 (emphasis added).

22. The administrative rules of the FCC are entitled to deference under *Chevron USA, Inc. v. Natural Resources Defense Council*, 467 U.S. 837, 842-43 (1984).

23. Moreover, under the Hobbs Act, this Court may not set aside any FCC rule implementing the TCPA, and this Court may not accept any arguments of Defendants that would have that effect. 28 U.S.C. § 2342(1); 47 U.S.C. § 402(a).

24. The TCPA provides a private right of action to remedy violations of the act:

(3) **Private right of action.** A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—

(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C) both such actions.

47 U.S.C. § 227(c)(3).

25. Section 227(c)(3) further provides treble damages if "the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection." *Id*.

## DEFENDANTS' UNLAWFUL CONDUCT

26. In 2012, Comenity was sued by a plaintiff in the Southern District of California who alleged it violated the TCPA. That case alleged Comenity used an autodialer or an artificial

or prerecorded voice to call cellular telephones without the prior express consent of the class representative and the putative class members.

27.     Although it denied the allegations in the complaint in *Couser*, on August 27, 2014, Comenity reached a settlement with a settlement class for $8.475 million. *See* Doc. 52-3, *Couser v. Comenity Bank, et al.*, Case No. 3:12-cv-02484 MMA-BGS (filed on Sept. 5, 2014).

28.     Plaintiff's father entered into a business relationship with Comenity and Lending Club through a transaction in a dental office, and incurred a $12,144.00 debt in the course of that business relationship. Plaintiff's father paid on the debt owed, but eventually had a dispute with Comenity and Lending Club regarding the amount owed on the debt.

29.     In the course of his business relationship with Comenity and Lending Club, Plaintiff's father provided his own contact information to Comenity. He did not provide to Comenity the contact information of Plaintiff.

30.     Plaintiff has no business relationship with Comenity or Lending Club.

31.     Plaintiff has never provided written consent to Defendants' allowing them to contact her wireless phone line, or even information concerning her contact information on that line.

32.      On October 27, 2015, however, Defendants began contacting members of Plaintiff's family other than her father.

33.     Plaintiff's father contacted Comenity via phone and in writing and stated that Comenity was not authorized to contact any of his family members. On November 11, 2015, Comenity was notified, at the latest, by letter that Plaintiff's father instructed Comenity not to contact Plaintiff or other family members.

34.     Under the TCPA, there was no requirement that Plaintiff's father contact Comenity and offer such rejection. The illegal acts of Defendants, however, are confirmed by its knowing disregard of the law after Plaintiff's father provided written and verbal notice that Plaintiff and other family members should not be contacted.

35.     On November 25, 2015, Plaintiff was contacted by a Comenity representative on her cell number, which has a number of (706) 8**-**72 [redacted to preserve Plaintiff's privacy].

36.     On information and belief, the illegal call from Comenity to Plaintiff was made on an autodialer because it was equipment that "has the capacity to store or produce telephone numbers to be called using a random or sequential number generator."

37.     At all relevant times, on information and belief, Comenity was aware that Plaintiff had not provided express, written consent to receive such calls.

38.     At all relevant times, Comenity was aware of its own previous conduct which violated the TCPA, including the settlement of the nationwide class action in *Couser*.

39.     At all relevant times, Defendants knew or should have known of the statutes, rules, and FCC opinions interpreting the TCPA which uniformly declared their conduct was a violation of the TCPA.

40.     The violations of the TCPA alleged here and the conduct in *Couser* are not the only times where Comenity has shown a disregard for Federal law in its dealings with consumers. On September 8, 2015—approximately two-and-a-half-months before Plaintiff was contacted by Comenity in violation of the TCPA—Comenity entered into a cease and desist order with the FDIC that provided for more than $61 million in restitution to consumers.

41.     The release announcing that settlement stated, in pertinent part, as follows:

The Federal Deposit Insurance Corporation (FDIC) today announced a settlement with Comenity Bank, Wilmington, Delaware, and Comenity Capital Bank, Salt

Lake City, Utah, for deceptive practices related to the marketing and servicing of credit card "add-on products," in violation of Section 5 of the Federal Trade Commission Act. The banks are both wholly-owned subsidiaries of Comenity, LLC, Columbus, Ohio.

As part of the settlement, each of the banks stipulated to the issuance of a Consent Order, Order for Restitution, and Order to Pay Civil Money Penalty. Under the FDIC orders, Comenity Bank will pay a civil money penalty (CMP) of $2 million and provide restitution of approximately $53 million to harmed consumers. Comenity Capital Bank will pay a CMP of $450,000 and provide restitution of approximately $8.5 million to harmed consumers.

Fed. Deposit Ins. Corp. "FDIC Announces Settlement with Comenity Bank and Comenity Capital Bank for Deceptive Practices Related to Credit Card Add-On Products" *available at* https://www.fdic.gov/news/news/press/2015/pr15073.html (Sept. 8, 2015).

## CLASS ALLEGATIONS

42.     Plaintiff brings this action on behalf of herself and a class of persons similarly situated in the United States of America. This action is maintainable as a class action under Federal Rules of Civil Procedure 23(a) and (b)(3).

43.     The Plaintiff proposes the following class definition:

All persons in the United States who, on or after May 26, 2014, had not given express written consent to be contacted by Defendants or a third-party dialing company acting on behalf of them, but whose wireless telephone number(s) were called by Defendants or a third party dialing company on behalf of them, using an autodialer. Excluded from the Class are individuals who had provided express written consent to be contacted by Defendants; employees, agents, officers, directors, and other individuals affiliated with Comenity and any third-party dialing service it employed; and officers, employees, or Judges of this court and their family members.

44.     The members of the proposed class (Class Members) can be determined from the records of Defendants or records readily available to them. Notice can be sent to Class Members by letter, mail, email, the Internet, publication in newspapers or periodicals, or by other means authorized by this Court.

45.     This action is brought under Rule 23(a), and may be maintained under that rule because it satisfies the following criteria:

a.      **Numerosity:** The Class Members are so numerous that joinder of all of them is extremely impracticable. Plaintiff reasonably believes and alleges that the Class consists of thousands (and potentially tens of thousands) of persons.

b.      **Commonality:** Common questions of law and fact are shared among the Class Members. Such common questions include, but are not limited to, the following:

(1)     Whether Defendants obtained express written consent to contact the Class Members;

(2)     Whether Defendants used dialing equipment that generally has the capacity to store or produce, and dial random or sequential numbers (and thus meets the TCPA's definition of "autodialer") *even if it is not presently used for that purpose*;

(3)     Whether Defendants dialed Class Members from a set list of consumers;

(4)     Whether Defendants contacted Class Members on wireless telephone number(s);

(5)     Whether Defendants employed a third-party dialing service to contact Class Members;

(6)     Whether Defendants' conduct constitutes a violation of the TCPA, 47 U.S.C. § 227(c)(3);

(7)     Whether Defendants' illegal conduct constitutes a willful or knowing violation of the TCPA, 47 U.S.C. § 227(c)(3); and

(8)     Whether Class Members are entitled to recover actual damages, statutory damages, punitive damages, declaratory or injunctive relief, and/or attorneys' fees.

c.      **Typicality:** Plaintiff's claims are typical of the claims of Class Members. Plaintiff and the other Class Members were subjected to the same kind of unlawful conduct and the claims of Plaintiff and the other Class Members are based on the same theories.

d.      **Adequacy:** Plaintiff, individually and through counsel, will fairly and adequately protect the interests of the Class Members. Plaintiff has no interest adverse to the Class Members' interests. Plaintiff has retained experienced class action counsel who will fully and adequately represent and protect the Class Members. Plaintiff's chosen counsel are ready, willing, and able to prosecute this case.

46.      This case also is brought and maintainable under Rule 23(b)(3) because it satisfies the following essential criteria:

a.      **Predominant questions of law or fact:** Questions of law or fact common to Class Members, including those identified above, predominate over questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Class treatment will allow a large number of similarly-situated consumers to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require.

b.      Further, the monetary amounts due to many individual Class Members are likely to be relatively small, and the burden and expense of individual litigation would make it extremely difficult or impossible for individual Class Members to seek and obtain relief. On the other hand, a class action will serve important public interests by permitting consumers harmed by Comenity's unlawful practices effectively to pursue recovery of the sums owed to them, by deterring further unlawful conduct, and by aiding in the prevention of invasions of consumer privacy, which is a

primary purpose for which the TCPA was passed. The public interest in protecting the rights of consumers favors disposition of this case in a class action vehicle.

## FIRST CAUSE OF ACTION

### Violation of the Telephone Consumer Protection Act
### *Against All Defendants*

47.     Plaintiff incorporates the preceding paragraphs as if fully alleged here.

48.     Defendants violated the TCPA, specifically they have violated 47 U.S.C. section 227(b).

49.     To the extent these violations are not knowing or willful violations of the TCPA, Plaintiff and Class Members are entitled to a minimum of $500.00 in statutory damages for each and every violation. 47 U.S.C. § 227(c)(3)(B).

50.     Plaintiff and Class Members further are entitled to injunctive relief as this Court deems proper. 47 U.S.C. § 227(c)(3)(A) & (C).

## SECOND CAUSE OF ACTION

### Willful or Knowing Violation of the Telephone Consumer Protection Act
### *Against All Defendants*

51.     Plaintiff incorporates the preceding paragraphs as if fully alleged here.

52.     Defendants violated the TCPA, specifically they have violated 47 U.S.C. section 227(b).

53.     These violations are knowing or willful violations of the TCPA, and Plaintiff and Class Members are entitled to a minimum of $1,500.00 in trebled statutory damages for each and every violation. 47 U.S.C. § 227(c)(3).

54.     This Court may determine Defendants' violations are willful or knowing because of their previous conduct, as evidenced by the *Couser* class action; their knowledge of the statutes,

regulations, and FCC orders interpreting those laws; its disregard of Federal law in its other business lines, including Comenity's settlement with the FDIC; and their egregious conduct in the matter at hand.

55.     Plaintiff and Class Members further are entitled to injunctive relief as this Court deems proper. 47 U.S.C. § 227(c)(3)(A) & (C).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on her own behalf and on behalf of the Class, prays for relief as follows:

56.     An Order certifying this as a Class and appointing Plaintiff and her counsel to represent the Class, which is identified as follows:

> All persons in the United States who, on or after May 26, 2014, had not given express written consent to be contacted by Defendants or a third-party dialing company acting on behalf of them, but whose wireless telephone number(s) were called by Defendants or a third party dialing company on behalf of them, using an autodialer. Excluded from the Class are individuals who had provided express written consent to be contacted by Defendants; employees, agents, officers, directors, and other individuals affiliated with Comenity and any third-party dialing service it employed; and officers, employees, or Judges of this court and their family members.

57.     An Order awarding Plaintiff and the Class statutory damages, actual damages, and punitive damages as this Court deems proper;

58.     An Order awarding Plaintiff and the Class restitution and/or disgorgement and such other equitable relief as the Court deems proper;

59.     An Order enjoining Comenity from future violations of the TCPA, 47 U.S.C. § 227;

60.     An Order awarding Plaintiff and the Class pre-judgment and post-judgment interest;

61.     An Order awarding Plaintiff attorneys' fees, expert witness fees, and other costs; and

62.     An Order awarding such other and further relief as may be just and proper.

## JURY DEMAND

Plaintiff demands a trial by struck jury on all issues so triable.


DATED:  March 25, 2016                    **BEN F. WINDHAM, P.C.**


                                          By: *s/ Ben F. Windham*_____
                                               Ben F. Windham (Ga. Bar # 770195)

                                          3838 Highway 42
                                          Locust Grove, Georgia 30248
                                          Tel: (678) 565-8686
                                          Fax: (678) 565-8949
                                          Email: ben@windhamlaw.com

                                          Robert E. Battle (ASB-7322-N73H)
                                          ***Pro Hac Vice Application Pending***

                                          Harlan F. Winn III (ASB-7322-N73H)
                                          ***Pro Hac Vice Application Pending***

                                          Adam P. Plant (ASB-6324-A64P)
                                          ***Pro Hac Vice Application Pending***

                                          **BATTLE & WINN LLP**
                                          2901 Second Avenue South, Suite 220
                                          Birmingham, AL 35233
                                          Tel.: (205) 397-8160
                                          Fax: (205) 397-8179
                                          Email: rbattle@battlewinn.com
                                                  hwinn@battlewinn.com
                                                  aplant@battlewinn.com

                                          ***Attorneys for Plaintiff***